Raymond G. EASTERLING, Plaintiff in Error,

v.

The STATE of Oklahoma, Defendant in Error.

No. A–16116.

Court of Criminal Appeals of Oklahoma.

May 12, 1971.

As Corrected May 20, 1971.

David L. Miller, Oklahoma City, for plaintiff in error.

Larry Derryberry, Atty. Gen., for defendant in error.

BUSSEY, Presiding Judge:

Raymond G. Easterling, hereinafter referred to as defendant was charged, tried and convicted in the District Court of Oklahoma County of the crime of Selling Property Of Which There Is A Security Agreement Outstanding and his punishment was fixed at thirty (30) days in the County Jail, and from said judgment and sentence a timely appeal has been perfected to this Court.

Briefly stated the evidence at the trial revealed that on January 24, 1968, the Defendant executed a security agreement covering a 1965 station wagon to Family Loan and Thirft Corporation and subsequently sold the said 1965 automobile to Shepard-Richardson as a trade-in without written authority of the finance company.

The Defendant's evidence indicated that the salesman of Shepard-Richardson had knowledge of the prior lien. The Defendant's wife testified that she advised the finance company that the car had been traded three weeks after the transaction and they continued to make payments to cover both accounts until they were forced to declare bankruptcy. The Defendant denied any intent to defraud either company.

The cause was lodged in this Court on May 19, 1970. The brief of the Defendant was due to be filed by November 20, 1970, however, no brief was filed nor an extension of time in which to file a brief requested. Therefore, on January 22, 1971, by order of this Court, the cause was summarily submitted for opinion in accordance with the rules of this Court.

■ This Court has consistently held that where the defendant appeals from a judgment of conviction and no briefs are filed in support of the Petition in Error, this Court will examine the records only for fundamental error. If none appears of record, the judgment will be affirmed. Alexander v. State, Okl.Cr., 444 P.2d 855 (1968).

■ The defendant's sole allegation in the Petition in Error contends that the trial court improperly refused to give a requested instruction. The instruction provided that even though the mortgage contained a written provision that the mortgaged property may not be sold without the written consent of the mortgagee, such provision may be waived and the mortgagee may consent orally to the sale of the car described in the mortgage, or, he may consent by a course of conduct indicating an intention to waive such provision providing there was no intention on the part of the defendant to defraud Family Loan and Thrift and no actual fraud occurred. This instruction was approved in the case of Miller v. State, 94 Okl.Cr. 198, 232 P.2d 651 (1951).

We note that the trial court was aware of the *Miller* case, supra, prior to the time that the instruction was refused (CM 74). This Court agrees with the trial court's conclusion that the *Miller* case, supra, is distinguishable from the case at bar. In the *Miller* case the mortgagee gave oral permission prior to sale, while in the instant case, the mortgagee by the defendant's own witness had no notice until three weeks after the sale was consummated. There is, in addition, evidence that fraud did in fact occur.

We are of the opinion that the instructions as a whole adequately cover the issues and applicable law including the defendant's theory of defense that he did intend to defraud. We hold that it was not fundamental error to refuse the defendant's requested instruction.

We have carefully examined the record and reviewed the testimony in the instant case and find no fundamental error. The record discloses that the defendant was afforded a fair and impartial trial and the evidence was sufficient to support the verdict of the jury. There being no apparent

error in the record on appeal, it is the opinion of this Court that the judgment and sentence be affirmed.

NIX, J., concurs.

BRETT, J., not participating.